# JAMES C. JONES et al. v. JUDSON SANDERSON, Appellant.

### In Banc, April 1, 1921.

1. **ATTORNEY: Disbarment: Indictable Offense.** A final judgment disbarring an attorney from practicing law on a charge that he has been guilty of an indictable offense, but not charging that he has been indicted and convicted, cannot be rendered, but before he can be finally disbarred the court ˙hearing the disbarment proceeding must await the determination of the ˙indictable offense in the court having charge of such criminal case.

2. ———: ———: ———: **Suspension: Final Judgment.** Where the information in a disbarment proceeding charges an indictable offense, but does not charge a trial and conviction, the power of the trial court is limited to a mere suspension of the attorney from practice until the facts can be ascertained in a trial upon an indictment. But a judgment disbarring an attorney for a period of twelve months from and after a certain date and finally disposing óf the case, adding thereto a judgment for costs against him, is not a suspension, but a final judgment, and one the trial court had no power to render þefore an indictment and conviction. A suspension for a fixed term is not a judgment of suspension under the statute.

3. ———: ———: ———: **Power to Hear The Facts.** Where the information in the disbarment proceeding charges against an attorney indictable offenses, the court hearing the disbarment proceeding is without power to hear and determine the facts, but that power is by the statute placed in the court having charge of the criminal offenses mentioned in said information.

4 ———: ———: ———: **Jurisdiction: Waiver.** In a disbarment proceeding based upon an information charging an attorney with an indictable offense only, the circuit court is without power to hear and determine the facts tending to show him guilty of such offense; and if the court, nevertheless, proceeds to hear said facts and enters final judgment of disbarment based thereon, said judgment is in excess of its jurisdiction, and the attorney does not waive excessive jurisdiction by proceeding to trial, for there can be no waiver where the court is without power to hear and determine the facts.

5. ———: ———: ———: **Evidence.** Where the petition for disbarment rests upon indictable offenses, the only proof which will justify a permanent disbarment, or a fixed term of suspension, is a judgment of guilt from a court which tried the case upon the indictment and heard the facts offered to sustain it.

Appeal from Audrain Circuit Court.—*Hon. Ernest S. Gantt,* Judge.

DISMISSED.

*R. D. Rogers* and *McBaine, Clark & Rollins* for appellant.

(1)   The evidence in this case does not prove that appellant violated any law or his oath as an attorney at law by interviewing the witnesses in the case pending against the Klick brothers.   The testimony does not show that the appellant tried to obtain these witness to change their testimony or to get them to swear falsely in the Klick cases.   The offenses charged by the petition for disbarment are indictable offenses, and under the law the appellant could not be disbarred or suspended for a definite term until he first had been indicted and convicted by a common law jury.   Secs. 951 to 959, R. S. 1909; State ex rel. Selleck v. Reynolds, 252 Mo. 369; Laws 1909, p. 151.   The petition for disbarment charged appellant with both the statutory crime and common law crime.   Sec. 4352, R. S. 1909; 12 C. J. 195; State v. Appling, 25 Mo. 315; Secs. 8047-8, R. S. 1909; Kelley Criminal Law (3 Ed.), pages 4 and 5, 733; State v. Rose, 32 Mo. 560; State v. Snyder, 44 Mo. App. 429; State v. Dalton, 134 Mo. App. 514; Perry v. Strawbridge, 209 Mo. 621; King v. Higgins, 2 East R. 17; King v. Phillips, 6 East R. 456; State v. Dewit, 20 S. Car. L. 282, 29 Am. Dec. 371; State v. Keyes, 8 Vt. 57, 30 Am. Dec. 450; United States v. Debolt, 253 Fed. 78.   (2)   It was an offense at common law to solicit one to commit a crime that is indictable through the solicitation is of no effect and no crime is in fact committed.   16 C. J.

287 Mo.—12

117; State v. Hays, 78 Mo. 307; Queen v. Williams, 1 Den. (Brit. Cr. Cases) 39; I Bishop, Crim Law, sec. 767; Commonwealth v. Jacobs, 9 Allen, 274; Sec. 4894, R. S. 1909. (3) The acts charged against appellant in the petition were indictable offenses against the United States Government. Secs. 125 and 126, 4 United States Statutes Ann. Crimes, 178-184; United States v. Lyle, 26 Fed. Cas. 15, 4 Cranch C. C. 469; 16 C. J. 111; United States v. Worrall, 28 Fed. Cas. 16-766, 2 Dall. 384; United States v. Debolt, 253 Fed. 78; Heinze v. United States, 181 Fed. 322; United States v. Wilder, 143 Fed. 433.

*James C. Jones* and *Charles W. German* for respondent.

(1) It is first urged by counsel that the evidence is insufficient to support the finding and judgment of the court. If we apply the rule that where there is any evidence tending to support the finding and judgment of the trial court this court will not interfere, the point made by counsel must be determined against the defendant. (2) The second point urged by counsel is that the petition charges indictable offenses and from this premise the erroneous conclusion is drawn that the decree of the trial court was not justified and that this case must for that reason be reversed. The error into which counsel have fallen is forcibly illustrated by the statement that ''if an indictable offense is involved there can be no suspension before a trial by jury and a conviction.'' And in support of this assertion counsel cite the case of State ex rel. Selleck v. Reynolds, 252 Mo. 369. The provisions of the statute do not justify any such statement or conclusion and the decision of this court in the Selleck case falls just as far short of forming the basis for such a conclusion. The statutory scheme clearly provides for either of two results, namely: (a) removal or disbarment; (b) suspension from practice. That these are distinct and separate results arrived at and obtained in separate and distinct ways is at once apparent from a reading of Secs. 951 to 958 R. S.

1909, and from· a reading of the opinion in the Selleck case. Nothing can be clearer than this, and yet it seems that counsel have wholly failed to grasp the distinction and thus have fallen into error. The opinion of the Court of Appeals in the Selleck case was quashed by this court, because there the charge was for an indictable offense, and there was admittedly no conviction, and yet the decree was disbarment or removal from the practice, not suspension. The reasoning so clearly and forcefully stated, plainly shows that the error was in the conclusion arrived at, or decree entered by the trial court, namely, that of removal or disbarment, instead of suspension, pending indictment and trial in a court where the defendant could have the benefit of a jury trial.

WOODSON, J.—This suit was instituted in the Circuit Court of Callaway County by plaintiffs and against the defendant, seeking to disbar him from practicing law in the courts of this State. The trial court sustained the charges made against him and disbarred him for a period of twelve months from and after March 28, 1919. In due course the defendant appealed the cause to this court.

The record in the case is very long, covering about two hundred and seventy pages of printed matter, and the statement of counsel for appellant covers about fifty, but from the view we take of the case, it will be unnecessary for us to go into details of the facts of the case.

It will suffice to state that the Klick brothers, five in number, during the war were charged with being in sympathy with Germany, and made some very violent language against this country and in favor of Germany. This was called to the attention of the Council for the Defense, which caused charges to be prepared against them in the United States District Court at Jefferson City, Missouri, charging them with disloyalty, etc. They were duly arrested upon those charges and arraigned before the commissioner of that court, whereupon the

appellant, who was a duly licensed and practicing attorney-at-law of this State, was employed. by the Klick brothers to defend them against those charges. In the performance of that duty, it is charged that appellant was guilty of unbecoming and improper conduct, in that he attempted to induce the witnesses against the Klicks to change their testimony; in other words, was guilty of an attempt of subornation of perjury. These are the matters that constitute the basis of the charges against the appellant in this case, which, as before stated, the trial court found to be true.

The offense charged in the disbarment proceedings against the appellant is conceded to be an indictable offense, and under the law of this State as declared by this court in the case of State ex rel. Selleck v. Reynolds, 252 Mo. 369, he cannot be disbarred or suspended for a definite term as a punishment, before having been indicted and convicted by a jury of his country. That being the law, and there being no pretense that appellant has been indicted or convicted, this proceeding must be dismissed, and it is so ordered. All concur; *Graves, J.,* in a separate opinion, in which all concur.

GRAVES, J. (concurring).—I agree with my learned brother wherein he says that this case should be ruled against the officers of the State Bar Association and in favor of the appellant, Sanderson, in obedience to the law as declared in State ex rel. Selleck v. Reynolds, 252 Mo. 369. Sanderson was proceeded against under the same statutes as was Selleck. The laws were not changed until 1919 (Laws of 1919, p: 151), and this cause was begun before the Act of 1919 became effective. The trial was had and the judgment entered before the Act of 1919 became effective. So that the Revised Statutes of 1909, as quoted in Selleck's case, supra, was the governing law. I would not add this separate concurrence but for the fact that the learned representatives of the State Bar Association urge that Selleck's case sustains this judgment. As the writer of the Selleck opinion,

I feel called upon to disabuse the minds of counsel upon this contention.

The petition for disbarment in this case clearly charges indictable offenses both as against the State and Federal laws, and this is not seriously controverted by learned counsel for the Bar Association. What they contend is that under the rule in Selleck's case the court had the right to suspend Sanderson, because the charges were of indictable offenses, and Sanderson could not complain because his suspension was for only twelve months. They contend that the suspension might have run for the statutory period of limitation for the prosecution of the crimes. The trouble with learned counsel is that they overlook their own judgment in the case. This judgment does not suspend Sanderson until an indictment might be secured, and he tried thereon, but the judgment is one finally disposing of the case, and thereto is added a judgment for costs against Sanderson.

The whole conduct of this case conflicts with Selleck's case, and our learned brothers of the bar will see it when their attention is called to portions of that opinion not appearing in their brief.

Section 960, Revised Statutes 1909, reads: ''When the matter charged is not indictable, a trial of the facts alleged shall be had in the court in which the charges are pending, which trial shall be by the court.''

We quoted this section in Selleck's case at 252 Mo. l. c. 383, and on page 383 said:

''This statute when added to those already quoted rounds out the statutory scheme. When so rounded out it means (1) that where the information in a disbarment proceeding charges an indictable offense, but does not charge a trial and conviction upon an indictment, then the power of the trial court is limited to a mere suspension of the attorney from practice until the facts can be ascertained in a trial of the facts on an indictment, but (2) if the 'matter charged is not indictable, a trial of the facts alleged shall be had in the court in which the charges are pending, which trial shall be by the court.'

*"The very language of Section 960 shows that it was never contemplated that the court before which the disbarment proceedings were pending should ascertain the facts in a case where the charges reached the gravity of indictable offenses. The trial of such facts was left to the court having charge of the criminal proceedings, and by Section 959, the record from such court, whether it showed acquittal or conviction, is binding upon the court heairg the disbarment proceedings."*

And further speaking of Section 960, supra, we said:

"Again had the Legislature intended that the court hearing the disbarment proceeding should hear, try and determine the facts, in a case where the charges amounted to indictable offenses, there never would have been the limitations found in Section 960 supra. That section limits the court's right to determine the facts to cases involving charges other than those of indictable offenses. The rule *'expressio unius est exclusio alterius'* is peculiarly applicable here."

In other words there could be no final judgment, as we have here, until there had been an indictment and a trial thereon, and when there had been such trial the judgment of conviction or of acquittal was the thing which authorized the trial court to proceed beyond a temporary (not a fixed) suspension. The rule in Selleck's case goes to the extent of holding that, information in the disbarment proceedings charged against the attorney indictable offenses, the court hearing the disbarment proceeding was without power to hear and determine the facts, but must await their determination in the court having charge of the criminal charge. So when we read the petition for disbarment in this case, it is clear, as ruled in Selleck's case, that the trial court was without statutory authority to hear and determine even the facts upon which his judgment was based. By the statute (Sec. 960, R. S. 1909) that power was placed in another court, i. e. one having charge of the criminal charges mentioned in the petition of disbarment.

Jones v. Sanderson.

The face of this record shows that under Section 960, supra, the court entering this judgment was without power or jurisdiction to enter it, or to hear and determine the facts upon which it was entered. The Legislature can limit the power and jurisdiction of circuit courts, and it has done so in this class of cases.

It is urged that Sanderson waived this by proceeding with the trial. There can be no waiver where the court is without power to hear and determine the facts.

There is another reason for a reversal of this judgment under our statutes as construed in Selleck's case. There was no legal proof upon which to base this final judgment (for upon it face it is a final judgment, and not a mere interlocutory order of suspension), pending the ascertainment of the facts in a court having criminal jurisdiction of the offenses charged in the petition for disbarment.

Where the petition for disbarment rests upon indictable offenses, the only proof which can justify a permanent disbarment, or a *fixed* term suspension, is a judgment of guilt from a court which heard the facts of the case upon indictment. Not only so, under the petition in this case the court below was not only precluded from finding the facts, but likewise precluded from entering a final judgment (as was entered here) until there had been an indictment and trial thereon. [R. S. 1909, sec. 959.]

This we ruled in Selleck's case, supra. For these reasons I concur with the opinion of Brother WOODSON. All concur in these views except *Woodson, J.,* who adheres to the principal opinion, written by him.